# THE STATE ex rel. CITY OF JEFFERSON v. GEORGE E. HACKMANN, State Auditor.

### In Banc, April 1, 1921.

1. **DEMURRER: General Grounds: Failure to Brief: Abandonment.** The general grounds of a demurrer in an original proceeding in the Supreme Court will be considered as abandoned if neither briefed nor urged. If the brief does not urge the general ground that the city did not have power to issue bonds for the purposes for which they were issued, but the objections are confined to irregularities in the issuance of them, the question of the power of the city to issue them will be considered as abandoned.

2. **ISSUE OF BONDS: Duty of State Auditor: Reviewable Error.** While it is the duty of the State Auditor to see to it that the requirements of the applicable statutes have been complied with before registering bonds issued by a city, his errors in judgment are reviewable by the Supreme Court in mandamus.

3. **———: To Pay Judgments: Notice: Describing Judgments.** The notice advising the voters that the purpose of the special election was to determine whether the city should issue its bonds in a named amount for the purpose of funding that much of the city's judgment indebtedness, was not insufficient because it did not describe the judgments.

State ex rel. City of Jefferson v. Hackman.

4. ———: ———: **Date of Judgment Misstated.** Where judgment against the city was rendered at one term, and on motion was set aside, and at a subsequent term another judgment for the same amount was rendered, and throughout the record it is admitted that the judgments were for the same indebtedness and that the voters voted for an issue of bonds to pay the said indebtedness, the fact that the ordinance. passed after the election and authorizing the issuance of the bonds, in its preamble described the judgment entered at the first term, does not invalidate the bonds.

5. ———: **Tax Ordinance: Per Cent Tax.** Although the ordinance which undertakes to levy a tax to pay the interest and principal of the bonds issued by the city does not levy a per cent tax on all the property, yet if it does say that there shall be annually levied a tax which shall raise a stated amount for each year, and these amounts are fully sufficient to meet the interests and the sinking fund, it meets the requirements of the Constitution. But even if it were an insufficient levy of a tax, that would not invalidate the bonds, because the city can be compelled, by the self-enforcing provision of the Constitution, to provide for the payment of the interest and principal as they become due.

6. ———: **Indebtedness: Presentation of Written Claims.** A contention that the statute (Sec. 8313, R. S. 1919) required the claims against the city for an indebtedness should have been presented in writing verified by the claimants, is without force where the record shows the indebtedness was reduced to judgments in the circuit court; for all defenses to the claims were foreclosed by such judgments.

7. ———: **Judgments: Defective Process: Waiver: Appearance.** The question whether process should have been served upon the mayor rather than the city clerk, in the suit by a creditor to recover judgment against the city, dropped out of the case when the attorney for the city appeared and filed answer.

8. ———: ———: **Questioning Authority of Attorney for City.** The city is the only party that can question the authority of an attorney who appeared and filed an answer to a creditor's petition to recover judgment against the city.

9. ———: ———: ———: **Appointment of Acting City Attorney.** Under an ordinance providing that in case of his absence from the city, the city attorney may, with the approval of the mayor and at his own expense, appoint some competent attorney to act in his stead during such absence, an attorney appointed by the city attorney, whose appointment is approved by the mayor, has authority to represent the city in a suit brought by a creditor to

recover judgment against the city for a debt due. Section 18 of Article 2 of the Constitution is no authority for questioning the acts of an attorney so appointed.

## Mandamus.

ALTERNATIVE WRIT MADE PERMANENT.

*Leonard M. Rice,* for relator.

(1) The bonds were issued under authority of and pursuant to Sections 1042, 1070 and 1071, Revised Statutes 1919. (2) The notice was sufficient. Sec. 1071, R. S. 1919; State ex rel. Clark Co. v. Hackmann, 218 S. W. 318; State ex rel. v. Hackmann, 273 Mo. 670. (3) It is true that in the preamble of the ordinance providing for the issuance of the bonds herein sought to be registered, the date of the judgments are referred to as "June 19, 1917," and that these judgments were subsequently set aside. However, other judgments were procured against relator, which said judgments, as pleaded in relator's petition for the alternative writ, and which allegation, by reason of respondent's demurrer, stands admitted, were, "in all respects, including amounts, like the judgments rendered in favor of said companies on the said nineteenth day of June, 1917." This, at most, is a mere clerical error, and in nowise affects the validity of the bonds. (4) Even if the council had made an insufficient levy, or had failed to make any levy whatever, the bonds would not be invalidated for that reason, since under our Constitution such levy can be made at any time, and if the city fails in its duty in this regard, mandamus will lie, and such levy can be directed made at any time *en masse* for all past due interest and principal. State ex rel. v. Gordon, 217 Mo. 103; Evans v. McFarland, 186 Mo. 703; Black v. Early, 208 Mo. 281; East St. Louis v. People, 124 Ill. 655; East St. Louis v. Amy, 120 U. S. 600; State ex rel. v. Hackmann, 275 Mo. 534; Lamar v. City of Lamar, 128 Mo. 188. (5) The judgments against relator city sought to be funded by the issuance of the bonds in question are conclusive against it as to the validity of the debts

Vol. 287]          OCTOBER TERM, 1920.          159

State ex rel. City of Jefferson v. Hackman.

merged into the judgments. Haishman v. Knox Co., 122 U. S. 316; State ex rel. v. Rainey, 74 Mo. 234; Scotland Co. v. Hill, 140 U. S. 41; Sioux City Ry. Co. v. Osceola Co., 45 Iowa, 168; Ibid, 52 Iowa, 26; Jones v. Hubbard, 193 Mo. 165; Howard v. City of Huron, 62 L. R. A. (S. D.) 493; Edmonson v. Ind. School Dist., 98 Iowa, 639. (6) It is true that service was not had upon the mayor. "Jurisdiction over the person can be acquired by service of the person according to law, or by consent, expressed or implied. Implied consent consists in doing such things as would indicate a willingness for the court to try the case—i. e., as filing answer or doing some similar thing without questioning the jurisdiction of the courts." Mining & Milling Co. v. Fire Ins. Co., 267 Mo. 618; Ringling v. Hempstead, 193 Fed. 603. (7) Respondent, in paragraph 9 of his demurrer, challenges the authority of Fenton E. Luckett to act as city attorney upon behalf of relator. This point is untenable. Section 9, Ordinance No. 2, Revised Ordinances of the City of Jefferson, 1903. Luckett was at least *de facto* city attorney. Harbaugh v. Winsor, 38 Mo. 327; Edwards v. City of Kirkwood, 162 Mo. App. 576; State v. Douglass, 50 Mo. 593; State ex rel. Lemon v. Buchanan County Board, 108 Mo. 235; Wilson v. Kimmel, 109 Mo. 260; Kiley v. Forsee, 57 Mo. 390; Akers v. Kolkmeyer & Co., 97 Mo. App. 520; Simpson v. McGonegal, 52 Mo. App. 540; Usher v. Tel. Co., 122 Mo. App. 111; Hilgert v. Asphalt Pav. Co., 107 Mo. App. 38.

*Jesse W. Barrett*, Attorney-General, and *Robert J. Smith*, Assistant Attorney-General, for respondent.

(1) It is the duty of the State Auditor to determine whether there is authority of law for the issuance of the bonds, and whether all the conditions of the statutes applicable thereto have been complied with in the particular issuance of bonds presented for registration. Secs. 1063, 1068, R. S. 1919; State ex rel. Dexter v. Gordon, 251 Mo. 303; State ex rel. Pike County v. Gordon,

268 Mo. 326. (2) The voters of the city should be advised by proper notices of the election giving the names of the holders of the judgments, or a sufficient description of the judgments to properly advise them as to the amount of the judgments and the amount of the bonds to be issued to pay the particular judgments. The voters should be advised of the particular purpose of said election. Secs. 1070, 1071, R. S. 1919. (3) There must be valid judgments against the city. Said judg- must be properly described. There being no judgment rendered as of June 19, 1917, nor at the said June term, 1917, of the Circuit Court the judgment as of that date having been set aside and for naught held, and new and entirely different judgments rendered at a different term. Therefore no valid judgments existed as recited by the ordinance. The Auditor found that the law had not been complied with, and he was justified in refusing to register said bonds. Secs. 1063, 1068, R. S. 1919; State ex rel. v. Gordon, 251 Mo. 311. (4) There must be a levy of an annual tax sufficient to pay the interest on such indebtedness and also to provide a sinking fund for payment of the principal. Section 12, Art. 10, Mo. Constitution; Secs. 8316, 8656, R. S. 1919. (5) There should be proper showing that the claims and amounts against the city for which judgments were rendered had been properly presented in writing and verified by all of the claimants or their agents, since their claims did not arise ex delicto. Sec. 8313, R. S. 1919; Haggard v. City of Carthage, 168 Mo. 129. There was no valid judgment against said city because process should have been served upon the Mayor of said city and not upon the clerk as was done in this instance. Cloud v. Pierce, 86 Mo. 357. (7) There was a vacancy in the office of city attorney because of the absence of the elected city attorney from May, 1917, to January, 1919, and the purported acting city attorney was without authority to bind the city. Sec. 18, Art. 2, Mo. Constitution; Sec. 11, City Ordinance.

GRAVES, J.—Learned counsel for respondent concedes that relator has clearly stated the facts in its application for our writ. Respondent's counsel, the Attorney-General, waived the formal issuance of our alternative writ of mandamus, and the application for such writ was taken as and for the alternative writ. To this respondent filed a demurrer, and the questions are of law, rather than of facts.

By an election held on the 24th day of August, 1920, the City of Jefferson authorized the issuance of $22,000 in bonds, with which to take up a part of certain alleged judgment indebtedness of such city. These bonds respondent refused to register, and by this action in mandamus, the city seeks to compel their registry. The city, through its city attorney, in its application here, alleges all the facts, both those favorable and those unfavorable. These allegations of facts are accompanied with (as exhibits) all the records of the city and the circuit court in the whole proceeding. The demurrer filed by counsel for respondent will suggest the points for discussion, without an outline in this statement of the facts pleaded in the application. This demurrer reads:

"Comes now the respondent, George E. Hackmann, State Auditor of the State of Missouri, and demurs to relator's petition herein, and as grounds therefor assigns the following, to-wit:

"1. Because the said petition does not state facts sufficient to constitute a cause of action against the respondent herein:

"2. Because said petition and all the matters and things therein stated and set forth are not sufficient in law to entitle the relator to the relief prayed for or any other relief.

"3. Because it appears from the face of the petition that no mention of the judgments to be paid is made in the ordinance submitting the proposition to the voters, nor in the notices given by the clerk of the city, giving the names of the parties in whose favor the judgments were rendered, nor the dates nor the

287 Mo.—11

amounts thereof, and the voters of said City of Jefferson were not advised by said ordinances and notices as to who the judgment creditors were, nor the amounts of said judgments.

"4.  Because the petition shows upon its face, in relator's Exhibit No. 6, that the indebtedness of said city amounts to approximately $66,217.69, evidenced by judgments as of date June 19, 1917, in favor of the Jefferson City Light, Heat & Power Company against the City of Jefferson in the sum of $41,266.80, and in favor of the Capital City Water Company against the said City of Jefferson in the sum of $24,950.89, and relator's petition shows that said judgments were by consent of both parties, plaintiff and defendant, therein, set aside and for naught held, and that no judgment or judgments were rendered against the said City of Jefferson on said date, nor in said amount, nor at said June, 1917, term of the Circuit Court of Cole County, Missouri.

"5.  Because the said purported judgment sought to be paid by the issuance and sale of the bonds sought to be issued herein were invalid judgments after having been set aside on November 17, 1917.

"6.  Because relator's petition shows upon its face that the said City of Jefferson, before or at the time of submitting the proposition of said bond issue to the vote of the people, did not provide for a levy of an annual tax sufficient to pay the interest on such indebtedness as it should fall due, and failed to provide for a sinking fund for payment of the principal thereon within the twenty years from the contracting of the same as provided by Section 8316, Revised Statutes 1919.

"7.  Because relator's petition shows upon its face that Section 8313, Revised Statutes 1919, was not complied with by the relator in that no showing is made that said claims and amounts against said city were presented in writing and verified by oath of the claimant or its agent,

"8. Because relator's petition shows upon its face that the judgments described therein were void because service of process therein was had upon the clerk of the City of Jefferson, and not upon the mayor of such city, as provided by law.

"9. Because the petition shows upon its face that F. E. Luckett, purported to be the then acting City Attorney, was not legally authorized to act as such. The leaving of the State of Missouri and of the United States by the City Attorney, without personally devoting his time to the performance of the duties of his office for an indefinite period, vacated the office of city attorney, or subjected said attorney to removal from office under Section 18 of Article II of the Constitution of the State of Missouri.

"Wherefore, respondent herein prays judgment of the court upon this demurrer and that he be discharged from further proceedings in this case."

As the facts stand conceded by this demurrer, we can best discuss the facts charged in the application for our writ, in connection with the points made by the demurrer. Such will be our course, and this will suffice for the preliminary outline of the case.

I. It has long been ruled that points made in the course of the trial may be abandoned here, by failure to brief or urge such points. The same would apply to pleadings in original proceedings here. The general grounds of the demurrer have been somewhat abandoned here by the points made and presented in the brief for the respondent. This brief does not urge that the City of Jefferson had no authority to issue bonds to the extent of $22,000 for the purpose for which these bonds were being issued. The objections go to irregularities, rather than the power of the city. The general grounds of the demurrer might raise such question, had it been followed up in this court. The points urged in the brief here do not follow up this general question, but specifically take up the questions relied upon by respondent. Those questions, and those only,

*Failure to Brief.*

164    SUPREME COURT OF MISSOURI,

'State ex rel. City of Jefferson v. Hackman.

are for our consideration. All others are presumed to have been abandoned, for want of substance. They were no doubt abandoned in view of our recent ruling in State ex rel. Clark Co. v. Hackmann, 280 Mo. 686.

II. The respondent first urges that it is his duty under the law to see that the conditions of the applicable statutes have been complied with, before he should register the bonds. This is his duty, but if he errs in his judgment as to whether or not the facts show such compliance, his act in refusing to register is reviewable here upon mandamus. So runs a long list of cases in mandamus against our several state auditors.

Reviewable Error.

III. In the second place it is urged by the respondent that the notice of the special election is insufficient, in that it did not specify who held the judgments against the city. The notice advised the voters that the purpose of the special election was to determine the question as to whether or not the city should issue $22,000 in bonds, for the purpose of funding that much of the city's judgment indebtedness. As a fact there were two judgments against the city, which aggregated over $66,000. One was in favor of the Jefferson City Light, Heat & Power Company, and the other in favor of the Capital City Water Company. We are cited to Sections 1070 and 1071, Revised Statutes 1919, upon this contention. These sections do not require the notice to describe the judgments, and this contention must be ruled against the respondent.

Notice.

IV. The facts are that the city, being unable to pay what it owed to these two public service corporations, and desiring to have the amounts of indebtedness fixed, by resolution of the city council May 7, 1917, requested such corporations to reduce their claims for service to the city to judgments. Pursuant to such requests of the city these corporations filed their suits, returnable to the June term, 1917, of the Cole County Circuit Court. At this

Misrecital in Ordinance.

term the two corporations obtained their respective
judgments. Prior thereto Leonard M. Rice, who now
represents the relator here, was the duly elected city at-
torney. On June 4th after the suits were filed, Rice, being
desirous of serving in the recent World War, arranged
to enter a training camp, and not knowing the time of
his absence, and in pursuance of an ordinance of the
city, appointed Fenton E. Luckett, a licensed lawyer of
the State, to act in his place. Luckett appeared at the
June term, supra, and filed answer, and after judgments
were entered filed motions for new trial, which were sus-
tained. He then amended his answers, and upon trial
in January, 1918, new judgments were obtained in each
of said cases, but on the identical causes of action. These
facts are alleged in the petition for mandamus here,
and stand admitted by the demurrer filed by respon-
dent. The ordinance submitting the proposition was
like the notice we have just discussed. It submitted
the question as to whether or not the city should issue
$22,000 in bonds, the proceeds thereof to be applied
upon the judgment indebtedness of the city. After the
election was held, and the issuance of the bonds had
been overwhelmingly endorsed by the voters, the city
passed another ordinance in September, 1920, provid-
ing for the issuance of the bonds. In the preamble
to this ordinance the judgments are described as of June
19, 1917, when in fact they were of January, 1918. The
ordinance in its body provides for the issuance of the
bonds, their form, the levy of taxes for the payment of
annual interest, and for a sinking fund, and many other
recitations and details. It is urged that this misrecital
of the date of the judgments in the preamble of the or-
dinance invalidates these bonds. We are not inclined
to that view. Throughout, the city had, by the ordi-
nance calling the election, and by the notice thereof,
been dealing with its judgment indebtedness. The
whole proceedings show that these two judgments, first
obtained in June, 1917, and later upon retrial in Jan-
uary, 1918, were the judgment debts under considera-

tion. In this contention we do not agree with respondent. This ordinance was the usual formal ordinance for the mere issuance of the bonds, after they had been duly authorized by a vote, under a valid ordinance calling for the election, in which judgment indebtedness was the subject of consideration, and the minute description of the several judgments making up the city's judgment indebtedness was immaterial. Then by demurrer to the petition, the respondent admits the fact that the judgments of June and January were for the same indebtedness. In fact this is made clear throughout the whole record presented to the respondent when the bonds were tendered for registration. We therefore rule this contention against the respondent.

V. The ordinance authorizing the issuance of the bonds, in Sections 4 and 5 thereof, provides:

"Sec. 4. For the purpose of providing for the payment of interest on the said bonds there shall be, and there is hereby, levied a direct annual tax upon all the taxable property in the City of Jefferson, a sum sufficient to produce thirteen hundred and twenty dollars ($1,320) per annum until such a time as said bonds are redeemed, and upon the redemption of any one or more of the said bonds the amount of taxes hereby levied for the payment of interest shall be reduced in the sum of sixty dollars ($60) per annum for each bond so redeemed; and for the purpose of creating a sinking fund for the payment of the principal of said bonds there shall be, and there is hereby levied a direct annual tax upon all the taxable property in the City of Jefferson sufficient to produce the sum of eleven hundred dollars ($1,100) per annum until such time as said bonds, and each and all of them have been fully paid off and discharged, and a sum sufficient to produce the accumulated sums of twenty-two thousand dollars ($22,000) in a period of twenty years.

"Provision to meet the requirements of this section, shall, in due time, manner and season, be annually hereafter made.

*Tax Ordinance.*

"Sec. 5.  Said tax shall be extended upon the tax rolls in each of the several years respectively, shall be levied and collected at the same time and in the same manner that other city taxes are levied and collected and the proceeds derived from said taxes shall be used exclusively for the payment of the principal and interest of the bonds herein authorized."

The contention is that such does not levy a tax for interest and sinking fund within the meaning of Section 12 of Article X of the Missouri Constitution.  In this section of the Constitution, it is provided:

"And provided further, that any county, city, town, township, school district or other political corporation or subdivision of the State, incurring any indebtedness requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same."

It is true that this ordinance does not levy a per centum tax on all property for the purposes, but it does say that there shall be levied upon all property (each year) a tax which shall raise a stated amount for each purpose, which amounts are fully sufficient to taking care of the interest and the sinking fund.  But even if this was an insufficient levy of a tax, such does not invalidate the bonds.  The city can be compelled to properly care for both principal and interest.  [State ex rel. v. Gordon, 217 Mo. l. c. 119 et seq.]

The statutes cited by learned counsel (Sections 8316 and 8656, R. S. 1919) are but rescripts of the constitutional provision we have quoted.  They neither add to nor take from such constitutional provision, and this constitutional provision we have held to be self enforcing. [State ex rel. v. Hackman, 275 Mo. l. c. 541.]  We therefore rule that there is no substance in this contention of the respondent.

VI. It is further contended that there should be a proper showing that the claims and amounts against the city, for which judgments were entered, had been properly presented in writing and verified by the claimants or their agents. We are cited to Section 8313, Revised Statutes 1919, but this section had no application here. Here the record shows judgment, and all defenses to the claims out of which the judgment grew, were foreclosed by the judgments themselves.

**Verified Claim.**

VII. It appears that the process in the two suits was served upon the city clerk rather than upon the mayor. This question dropped out of the case when the attorney for the city filed its answer in the case. The filing of the answers waived any defect in the service of the process. But it is further urged that Luckett, who acted for the city, had no power to act. The city is the only party to question his authority to act, and the city has not questioned it. Nor does it now question it, but on the other hand it is here recognizing the judgments, and asking for the registration of those bonds so that it can pay portions thereof. This should suffice. But in addition to this the ordinance of the city provided this:

"In case of sickness, absence from the city or other temporary inability of the city attorney to discharge the duties of his office, he may, with the approbation of the mayor and at his own expense, appoint some competent attorney to act in his stead during such sickness, absence from the city or other inability of the city attorney."

Luckett had been appointed by Rice and the appointment had been approved by the mayor, under the terms of this ordinance. The ordinance was at least express authority for Rice, with the consent of the mayor, to procure some attorney to act for him during his absence in cases in which the city was interested. He possessed that power so long as he remained city attorney. We are cited to Section 18 of Article II of the

Constitution. Such section might have been authority for the removal of Rice from office (a question not for decision here), but it is no authority for questioning his acts whilst he held the office.

We see no reason why these bonds should not be registered. All the facts were before the Auditor, as they are now before us.

Let our alternative writ of mandamus be made permanent. All concur.